UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA W. CHERRY,<br><br>　　　Plaintiff,<br><br>v.<br><br>FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,<br><br>　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:22-cv-01152<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JOSHUA W. CHERRY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the State law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age, residing in Quinlan, Texas, which lies within the Northern District of Texas.

5. Defendant is a third party debt collector with a focus on the collection of purportedly defaulted student loan debts and claiming to be within the "TOP 50 most influential collection professionals."[1] Defendant is a corporation organized under the laws of the state of Georgia with its principal place of business located at 665 Molly Lane, Suite 110, Woodstock, Georgia 30189.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted student loan debt ("subject consumer debt"), said to be owed by Plaintiff.

9. Upon information and belief, following Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged off and placed with Defendant for collection purposes.

10. In approximately early 2022, Plaintiff began receiving calls to his cellular phone, (214) XXX-2651, from Defendant seeking collection of the subject consumer debt.

---

[1] http://www.fams.net

11. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone including, but not limited to, (866) 271-2049, (866) 465-6491, (800) 346-1040, (800) 399-4532, (888) 668-6924, (800) 789-7926, (800) 346-1040, (866) 330-2703, (888) 680-4326, and (866) 637-6198.

12. In approximately early 2022, Plaintiff answered one such call and spoke to Defendant and explained the financial hardships he was experiencing.

13. Wanting to take responsibility for the subject consumer debt, Plaintiff committed to a monthly payment offer that he then could not, in all reality, afford but wanting to do everything he could to still make small monthly payments.

14. Regardless, Defendant claimed everything that he could possibly try to do was not enough, and continued to diminish and harass Plaintiff by stating what was obviously already known, that being that the subject consumer debt was a responsibility of Plaintiff.

15. Plaintiff similarly clarified that he could not afford the amounts that Defendant was demanding, yet Defendant responded with persistent efforts to compel unaffordable payments, all while continuing to belittle Plaintiff.

16. In an effort to protect himself from the verbal abuse that accompanies the tone and substance of repetitive collection efforts, especially coupled with the self-inflicted guilt Plaintiff already had, Plaintiff courageously stood up for himself and expressed his displeasure with the nature of Defendant's collection efforts and phone calls, from which Defendant could deduce Plaintiff's lack of desire to being subjected to continued phone calls seeking payments which he could not afford.

17. Nevertheless, Defendant's harassing phone calls continued and worse, after learning the extent to which Plaintiff found Defendant's phone calls to be bothersome and unwanted, the

number of calls increased as Defendant persisted in placing repeated and consistent phone calls to Plaintiff's cellular phone, seeking collection of the subject consumer debt.

18. Defendant's phone calls included placing daily calls for certain periods as well as utilizing different phone numbers in an attempt to obfuscate its identity and compel Plaintiff to be subjected to further harassing collection efforts.

19. Defendant has placed dozens of phone calls to Plaintiff despite knowing the extent to which Plaintiff found such contacts harassing and abusive.

20. Even if Defendant's phone calls fall within the presumptively reasonable and permitted frequency of communications with consumers for debt collectors, under Regulation F, there are a number of factors that go about rebutting such presumptive compliance, including the nature and substance of prior communications with consumers and how such consumers responded to a debt collector's collection efforts. *See* 12 C.F.R. § 1006.14(b)(2).

21. Based on the prior nature of the communications between Plaintiff and Defendant, all phone calls following such conversations illustrate Defendant's intent to harass Plaintiff through continued phone calls, notwithstanding whether such calls fall within the presumptively reasonable volume and timing of collection attempts.

22. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, compelling him to spend time dealing with the fallout of Defendant's conduct.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions as a result of financial hardships outside of his control and coupled with the outrageous collection tactics Defendant employs.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being

subjected to harassing debt collection communications, and violations of his federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct, especially when he himself is a victim of financial hardships.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.*

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.§1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary

5

thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication that communications cease or that a consumer is otherwise unwilling to meet a debt collector's demand for payment.

32. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b), through its placement of phone calls to Plaintiff's cellular phone following his conversations with Defendant wherein it was clear that he could not afford what Defendant was demanding and that he found Defendant's collection phone calls harassing and unwanted. The regulations clarify that consumers who have requested calls to stop or otherwise expressed an unwillingness to comply with a debt collector's demand for payments, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. The nature and pattern of Defendant's phone calls further illustrate the harassing and oppressive intent behind, and nature of, Defendant's calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

    b. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

    c.  **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties.

WHEREFORE, Plaintiff, JOSHUA W. CHERRY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

41. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after becoming aware of the harassing and unwanted nature of its collection efforts. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

WHEREFORE, Plaintiff, JOSHUA W CHERRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

    d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 26, 2022                                             Respectfully submitted,

s/ Nathan C. Volheim                                            s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                                Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                           Counsel for Plaintiff
Admitted in the Northern District of Texas                      Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                          (331) 307-7648 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        ecoleman@sulaimanlaw.com